UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ABIGAIL SAVAGE,
FAIR HOUSING CENTER OF CENTRAL INDIANA, INC.,

Plaintiffs,

v.

HENRY LONG,

Defendant.

No. 1:20-cv-02035-JPH-TAB

**ORDER APPROVING CONSENT DECREE AND DISMISSING CASE**

The parties filed a Joint Motion for Stipulation of Dismissal Subject to Consent Decree (the "Consent Decree") for approval and entry by the Court. Because the Court has the authority to enter the Consent Decree and because the Decree is lawful, fair, reasonable, and adequate, the motion is **GRANTED**. Dkt. [15].

**I.**
**Background**

On August 3, 2020, Abigail Savage filed a civil complaint alleging that Henry Long violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, by engaging in sexual harassment of Ms. Savage in connection with the ownership and operation of a dwelling. Dkt. 1; dkt. 14.

On October 16, 2020, the parties filed the Consent Decree with the Court. Dkt. 14. In the Consent Decree, Henry Long does not admit to any of the allegations in the complaint, but agrees to:

- Pay the sum of forty-five thousand nine hundred dollars ($45,900.00) in the form of a check made payable to the Attorney-Client Trust Account of Brancart & Brancart within fourteen (14) days of entry of this decree (¶ 1)
- Retain and pay for the services of a property manager to handle all day-to-day operations of his residential rental properties (¶ 4)
- Be prohibited from having any contact or communication with any current or potential tenants (¶ 5)
- Attend and require all agents (including the property manager) to attend Fair Housing training session offered by the Fair Housing Center of Central Indiana (FHCCI) or another HUD Qualified Fair Housing Organization, within 60 days of issuance of this order, and then again once per year for the duration of this decree (¶ 6)
- Post a HUD Fair Housing poster (HUD Form 928) somewhere in the dwelling within three days after a tenant vacates any of his rental dwellings (¶ 7)
- Require property manager to provide a copy of the HUD Fair Housing booklet to all current tenants (¶ 8)
- Adopt and enforce a written policy prohibiting discrimination by any manager, employee, or agent engaged in the operation or management of residential rental properties (¶ 9)
- Revise all forms provided to tenants or prospective tenants to include the following statement: "We are an equal housing

opportunity provider. We do not discriminate on the basis of race, color, religion, national origin, sex, familiar status, or disability." (¶ 10)

- Maintain records demonstrating compliance with each of these equitable terms and make those records available for inspection by the Fair Housing Center of Central Indiana upon written request with at least 14 days notice (¶ 11)

## II.
## Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). Since a consent decree is the exercise of federal power—enforceable by contempt—a consent decree must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, etc. v. Cleveland*, 478 U.S. 501, 525 (1986).

The Consent Decree satisfies each of the three *Local No. 93* factors. First, Ms. Savages' complaint under the FHA falls within the Court's subject-matter jurisdiction. 28 U.S.C. § 1331 (federal question jurisdiction). The Consent Decree will thus resolve a dispute within the Court's jurisdiction. Second, the complaint alleges that Henry Long engaged in a pattern or practice

of housing discrimination based on sex. A remedy restricting or prohibiting Mr. Long from engaging in any act or practice of sexual harassment and/or discrimination based on sex in any aspect of residential rental agreement thus comes within the general scope of the case. Dkt. 14. Third, the Consent Decree will further the goals of the FHA by facilitating Mr. Long's compliance with the FHA.

Even when a court has the predicate authority to enter a consent decree, however, it should only do so if the "proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). In making this determination, the Court begins from "the federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate" and should be "chary" of so finding. *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

The Settlement Agreement is lawful, fair, reasonable, and adequate. The FHA is a remedial statute that promotes fair housing by eliminating

discrimination. *See* 42 U.S.C. § 3601. The Consent Decree calls for Mr. Long to take certain actions that are designed to facilitate his compliance with the FHA. Therefore, the Consent Decree is consistent with the applicable statutes.

The Consent Decree is also fair. Both parties were represented by competent counsel throughout the proceedings. Dkt. 4; dkt. 7; dkt. 8. The parties do not indicate any opposition to the settlement, and the strength of plaintiff's case is adequately represented by the agreement. Finally, while the Consent Decree was filed early in the litigation, the case is fairly limited in scope and would not benefit from copious amounts of discovery.

In addition, the Settlement Agreement is reasonable because it is tailored to ending the policies and practices that allegedly led to discrimination, and to assuring that no discrimination occurs in the future. It details specific policies that address the allegations contained in the complaint and provides for extensive review and reporting to assure any future problems are promptly discovered and remedied.

## IV.
## Conclusion

The Consent Decree is lawful, fair, reasonable, and adequate. The Joint Motion for Stipulation of Dismissal Subject to Consent Decree is **GRANTED AND ENTERED**. Dkt. [15].

Pursuant to the Consent Decree, the Court retains jurisdiction over this civil action to enforce the terms of this Consent Decree. Dkt. 14 at 5 (¶ 13). Judgment consistent with this ruling shall issue separately.

**SO ORDERED.**

Date: 11/19/2020

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Liza Cristol Deman
BRANCART & BRANCART
lcristoldeman@brancart.com

Robert M. Kelso
KIGHTLINGER & GRAY, LLP (Indianapolis)
rkelso@k-glaw.com

Megan Ann Van Pelt
KIGHTLINGER & GRAY LLP
mvanpelt@k-glaw.com